UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN FORD,

Plaintiff,

-against-

RECREATIONAL EQUIPMENT INC.,

Defendant.

Case No. 1:26-cv-05768 (JLR)

**ORDER OF SERVICE**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that his employer discriminated against him based on his Lebanese national origin. *See generally* Dkt. 1 (the "Complaint"). By order dated July 10, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that courts must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Accordingly, to allow

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date a summons issues.

Plaintiff to effect service on Defendant Recreational Equipment Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must also notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is respectfully directed to: (1) mail an information package to Plaintiff, (2) issue a summons for Defendant Recreational Equipment Inc., (3) complete the USM-285 form with the addresses for Defendant, and (4) deliver to the U.S. Marshals Service all documents necessary to effect service.

Dated: July 13, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Recreational Equipment Inc.
303 Lafayette Street
New York, NY 10012

Recreational Equipment, Inc.
1700 45th Street East, Suite 101
Sumner, Washington, 98390